Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Baker and Bonnie Baker,<br><br>Plaintiffs,<br><br>vs.<br><br>Rawson Incorporated, an Arizona Corporation, Charles Steen, Dolores Steen, and Elles Ventures Sierra Vista, an Arizona Limited Partnership,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiffs Thomas Baker and Bonnie Baker ("Plaintiffs"), by and through undersigned counsel, for their Complaint against Rawson Incorporated, Charles Steen, Dolores Steen, and Elles Ventures Sierra Vista, an Arizona Limited Partnership ("Defendants"), state and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.   Plaintiffs Thomas Baker and Bonnie Baker are individuals residing in Cochise County, Arizona.

2.   Upon information and belief, Elles Ventures Sierra Vista is an Arizona Limited Partnership ("Elles Ventures") which is conducting regular and continuous business in Cochise County, Arizona.

3. Upon information and belief, Rawson Incorporated ("Rawson") is an Arizona Corporation which is conducting regular and continuous business in Cochise County, Arizona.

4. Upon information and belief, Charles Sheen and Dolores Sheen are husband and wife residing at 2038 E. Solano Drive, in Phoenix, Arizona, and conducting regular and continuous business in Cochise County, Arizona.

5. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, as a result of Defendants' failure to pay Plaintiffs overtime compensation for weeks in which Plaintiffs worked over 40 hours.

6. Plaintiffs also bring this action under A.R.S. § 23-364 as a result of Defendants' failure to pay Plaintiffs the required minimum wage in Arizona.

7. This Court's jurisdiction over this matter is conferred under 29 U.S.C. § 1331 since this matter arises under federal statute. This Court has supplemental jurisdiction over the related state claim under 29 U.S.C. §1367.

8. Defendants caused the events and actions complained of herein to occur in Cochise County, Arizona.

9. Venue is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiffs in Cochise County, Arizona and all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona.

## FACTS COMMON TO ALL COUNTS

10. Upon information and belief, Charles Sheen and Dolores Sheen own, at least in part, Elles Ventures and Rawson.

11. Upon information and belief, Elles Ventures and Rawson, as general partners, own Sierra Vista Self-Storage and Car Wash, where they employed at least two employees: Plaintiffs.

12. Sierra Vista Self-Storage and Car Wash is a 10 acre facility with 756 spaces for patrons to rent out space to park Recreational Vehicles (RVs) and for self-storage units. The facility also has a five-bay carwash.

13. On February 28, 2011 Elles Ventures and Rawson hired Plaintiffs to work at the facility.

14. Elles Ventures and Rawson would only put one of the Plaintiffs, Mr. or Mrs. Baker, on the payroll at a time. This is despite the fact that Defendants expected both Mr. and Mrs. Baker to work at the facility.

15. As an employee at the facility, Plaintiff Bonnie Baker collected rent, communicated with tenants, leased spaces at the facility, and addressed the day-to-day issues at the facility.

16. Plaintiff Thomas Baker addressed maintenance issues at the facility, showed units, and also corresponded with tenants.

17. Plaintiffs were not exempt from the overtime requirements of the FLSA.

18. At all times material, Plaintiffs were, and continue to be, engaged in interstate commerce as defined by the FLSA in that they participate in telephone calls with individuals out of state and handle records in interstate transactions, among other things.

19. Defendants Elles Ventures and Rawson are employers within the meaning of 29 U.S.C. § 203(d) and A.R.S. § 23-362, and Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e)(1) and A.R.S. § 23-362.

20. Defendant Charles Steen is a General Partner in Elles Venture and the President and Treasurer of Rawson. In his capacity as owner, President, and Treasurer of Rawson, and as General Partner of Elles Venture, Defendant Charles Steen exercised significant economic control over Elles Ventures and Rawson, participated in the decision not to pay Plaintiffs overtime compensation or the required minimum wage, and was acting directly or at least indirectly in the interest of the employers Elles Ventures and Rawson. In this regard, Charles Steen is also an employer under the FLSA and A.R.S. § 23-362.

21. Defendant Dolores Steen is the Vice President and Secretary of Rawson, and is a General Partner in Elles Venture. In her capacity as owner, Secretary, and Vice President of Rawson, and as General Partner of Elles Venture, Defendant Dolores Steen exercised significant economic control over Elles Ventures and Rawson, participated in the decision not to pay Plaintiffs overtime compensation or the required minimum wage, and was acting directly or at least indirectly in the interest of the employers Elles Ventures and Rawson. In this regard, Dolores Steen is also an employer under the FLSA and A.R.S. § 23-362.

22. At all times material, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

23. Upon information and belief, at all relevant times, Defendants Rawson and Elles Ventures had annual gross revenue of at least $500,000.

24. Between February 28, 2011 until April 15, 2016, both Plaintiffs worked approximately 50 hours per week for Elles Ventures and Rawson at a rate of $2,200 per month, with the exception of 13 weeks in 2013 where Plaintiffs were each working 60 hours per week.

25. This is equivalent to approximately $507.69 per week for 100 hours of work, or $5.07 an hour.

26. Additionally, for 13 weeks in 2013, Plaintiffs were working a combined 120 hours per week for $2,200 a month, and Elles Ventures and Rawson only paid Plaintiffs an additional $200 for all of their extra work, making Plaintiffs rate of pay approximately $523.07 per week, or $4.36 per hour.

27. These wages fall short of the Arizona minimum wage of $7.35 per hour in 2011, $7.65 per hour in 2012, $7.80 per hour in 2013, $7.90 per hour in 2014, $8.05 per hour in 2015, and $8.05 per hour in 2016, in violation of A.R.S. § 23-363.

28. From April 15, 2016 to the present, Mr. Baker has been working 50 hours per week and Mrs. Baker 30 hours per week for $2,200 per month, which amounts to approximately $6.35 per hour.

29. This also falls short of the Arizona minimum wage requirements for 2016 of $8.05 per hour.

30. In some months Plaintiffs did receive a bonus in the amount of 10% of the facility's collections which were over $29,000. However, the increased bonus did not raise Plaintiffs' rate of pay to the required Arizona minimum wage, at least on all occasions.

31. Plaintiffs are also entitled to overtime compensation for the hours worked over 40 in the amount of 1 and ½ times the minimum wage, pursuant to 29 U.S.C. § 207(a)(1).

32. This includes the 10 hours per week in overtime Plaintiffs each worked between February 28, 2011 and April 15, 2016 (50 hours each), with the exception of 13 weeks in which they each worked 20 hours in overtime (60 hours each week).

33. Additionally, Mr. Baker is entitled to overtime compensation for the 10 hours he worked per week over 40 hours between April 15, 2016 and present.

## COUNT I – Minimum Wage Claim (All Defendants)

34. Plaintiffs re-allege and incorporate all allegations in all preceding paragraphs as if fully set forth herein.

35. As more fully set forth above, Plaintiffs began providing employment services to Defendants in February of 2011.

36. Defendants were Plaintiffs' employers under A.R.S. § 23-362 and Mr. and Mrs. Baker served as their employees until present.

37. Defendants willfully failed to pay Plaintiffs the statutory minimum wage, in violation of A.R.S. § 23-363.

38. Defendants also willfully failed to maintain payroll records showing the hours worked each day by employees.

39. Plaintiffs are entitled to minimum wages for the hours they worked in 2011-2016 at the applicable minimum wage rate.

40. Further, any employer who fails to pay the required minimum wage "shall be required to pay the employee the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364 (emphasis added).

41. Accordingly, Plaintiffs are entitled to an additional double the amount owed, interest on the unpaid minimum wages, plus attorneys' fees and costs, pursuant to A.R.S. § 23-364.

WHEREFORE, for the foregoing reasons, Plaintiffs prays for relief against Defendants as follows:

a. For minimum wages in an amount to be determined at trial;
b. For "an additional amount equal to twice the underpaid wages" under A.R.S. § 23-364;
c. For civil penalties under A.R.S. § 23-364(F);
d. For interest on the unpaid wages pursuant to A.R.S. § 23-364;
e. For costs and attorneys' fees under A.R.S. § 23-364; and
f. For such further relief as this Court deems just and proper.

## COUNT II – Violation of FLSA (All Defendants)

42. Plaintiffs re-allege and incorporate all allegations in all preceding paragraphs as if fully set forth herein.

43. As more fully set forth above, Defendants were Plaintiffs' employers under 29 U.S.C. § 203(d) and Mr. and Mrs. Baker served as their employees until present.

44. Section §207 of the FLSA provides in relevant part:

[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

45. Section 216(b) of the FLSA provides in relevant part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

U.S.C. § 216(b).

46. Plaintiffs were entitled to be paid one and one-half times of their regular hourly rate of pay (or at least the minimum wage) for each hour worked in excess of 40 hours per workweek.

47. In the course of employment with Defendants, Plaintiffs worked the number of hours required of them, many times in excess of 40 hours, but were not properly paid overtime compensation.

48. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiffs for those hours.

49. Defendants' violations of the FLSA are willful and intentional as Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

50. Plaintiffs have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

51. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

WHEREFORE, for the foregoing reasons, Plaintiffs pray for relief against Defendants as follows:

    a. An Order declaring that Defendants violated the FLSA;

    b. Judgment for Plaintiffs against Defendants for the overtime payments due Plaintiffs for the hours worked without proper compensation;

    c. Liquidated damages against Defendants as set forth in 29 U.S.C. § 216(b);

    d. An order awarding Plaintiffs reasonable attorneys' fees along with costs and expenses against Defendants pursuant to 29 U.S.C. § 216(b); and

    e. Any and all other relief the Court deems just and proper.

DATED this 22nd day of July 2016.

**MATHESON & MATHESON, P.L.C.**

By: /s Michelle R. Matheson
    Michelle R. Matheson, #019568
    *Attorney for Plaintiffs*