IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Baker, et al., | No. CV-16-00488-TUC-LCK |
| Plaintiffs, | **ORDER** |
| v. | |
| Rawson Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion to Approve Settlement and Stipulation to Dismiss. (Docs. 22, 23.)

The Court normally does not rule on a settlement agreement negotiated between the parties. However, because this is a Fair Labor Standards Act (FLSA) case, some Courts, including this one, have held that the district court must examine any settlement for fairness. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982); *Montoya v. 3D, Inc.*, No. CV-13-8068-PCT-SMM, 2015 WL 11089514 (D. Ariz. July 27, 2015); *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, No. CV-09-1409-PHX0DGC, 2009 WL 3253947, *1-2 (D. Ariz. Oct. 8, 2009). The Court may approve the settlement if it reflects a "reasonable compromise over issues." *Lynn's,* 679 F.2d at 1354.

The Court held a telephonic conference with the parties regarding the settlement (*see* Doc. 20) and reviewed both the motion to approve settlement with attached exhibits and the proposed Settlement Agreement, submitted *in camera*. Based on all the

information presented, the Court finds that the parties' settlement does reflect a fair and reasonable resolution of the issues. Defendant strongly contested liability under the FLSA but acknowledged that the question of jurisdiction premised on joint enterprise likely would have required a motion for summary judgment. Plaintiffs and Defendants are represented by experienced counsel who engaged in substantive negotiations regarding the pertinent facts and controlling law prior to reaching the final agreement. The parties agreed the central issue was the minimum wage claim and the settlement agreement is a reasonable compromise of those wages as claimed by Plaintiffs. Additionally, the settlement resolves attorney's fees and costs, all unpaid wages, penalties, and liquidated damages, as well as other putative claims and counterclaims.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Approve Settlement Agreement (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties Stipulation to Dismiss (Doc. 23) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction over the parties to enforce the Settlement Agreement.

Dated this 12th day of January, 2017.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge